## KOPLOY *v.* DILWORTH.

VENDOR AND PURCHASER — REFORMATION OF INSTRUMENTS — REFUND OF DOWN PAYMENT.

> Where plaintiff entered into a preliminary contract to purchase certain lots, with the understanding that a 33-foot lot on the corner, which separated his lots from the corner, would be taken for the purpose of widening the street, and his lots would then be on the corner, but said plan did not go through, and defendant is unable to sell plaintiff corner lots, as contemplated, plaintiff is entitled to a refund of the money paid down, and may not be compelled to reform his contract and take inside lots.

Error to Wayne; Black (Edward D.), J., presiding. Submitted February 3, 1927. (Docket No. 134.) Decided April 1, 1927.

Assumpsit by Nathan B. Koploy against Clarence J. Dilworth and others for breach of a land contract. Judgment for plaintiff. Defendants bring error. Affirmed.

*Colombo, Colombo & Colombo,* for appellants.

*Friedman, Meyers & Keys,* for appellee.

WIEST, J. This is a suit to recover $500 plaintiff paid defendants upon a preliminary written agreement for the purchase of eight described lots, also stated to be "better known as the northwest corner of Plymouth and Meyers" (roads), in Greenfield township, Wayne county. The lots are near, but not on, the northwest corner of the roads; the nearest one to Meyers road being separated from that road by a lot 33 feet in width, owned by another, and occupied by

---

\*Vendor and Purchaser, 39 Cyc. pp. 2001, 2021, 2022 (Anno).

a store and gasoline station. This was known to plaintiff when the agreement to purchase was signed and the $500 paid, but it was then represented to him that proceedings to widen Meyers road had been taken, or were then pending, in which the intervening lot would be taken and thereby place plaintiff on the corner. The evidence is convincing that such representation was made, was an inducing cause leading plaintiff to purchase, and gives particular meaning to the statement in the agreement following the description of the lots as platted as "better known as the northwest corner of Plymouth and Meyers." This designation of location of the lots was inserted at the insistence of plaintiff, because he knew of the intervening lot and wanted assurance that, by widening of the street, he would be on the corner. After signing the agreement and paying the $500, plaintiff visited the premises and found there had been no condemnation of the oil station property, and, therefore, the lots he had agreed to purchase were inside lots. It was evidently planned at one time to widen Meyers road to 66 feet. This appears from a tentative road plat of the county road commission, but at the trial there was no showing of any action toward that end, and, of course, no proceeding to condemn. When plaintiff found he was not to get a lot on the corner of the roads, as agreed, he demanded a return of his deposit. Defendants refused to return the deposit, and, two months and twenty days later, sold the property to other parties for the same price plaintiff was to pay but with a larger payment down. At the trial, under plea and notice, defendants made claim of loss of interest on the purchase price from the time plaintiff agreed to purchase to the date of subsequent sale, amounting to $300, and also claimed to have paid $200 more in commission on the second sale. In the circuit, on trial before the court without a jury, judgment was rendered in favor of plaintiff for the sum

of $500. This judgment is reviewed by defendants by writ of error.

We think the judgment right. Defendants could not give plaintiff a lot at the corner of the roads, and plaintiff was not bound to reform his agreement and take inside lots. The finding in the court below, and in this court, does not rest upon a fraudulent misrepresentation, but upon an agreement defendants cannot carry out. Plaintiff had a right, under the circumstances, to have his money back. This result renders it unnecessary to consider the items of damage set up by defendants.

The judgment is affirmed, with costs to plaintiff.

Sharpe, C. J., and Bird, Snow, Steere, Fellows, Clark, and McDonald, JJ., concurred.